IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Antonio Ronaldo Grate, #263183, )  | |
| ) | |
| Petitioner, ) | C.A. No. 4:07-712-HMH-TER |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Warden Colie L. Rushton, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Antonio Ronaldo Grate ("Grate") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In his Report and Recommendation, Magistrate Judge Rogers recommends granting the Respondent's motion for summary judgment on the basis that Grate's § 2254 petition is time-barred.

Grate filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Grate's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean one specific objection.  Grate argues that he is entitled to equitable tolling of his claim because he attempted to file his first application for post-conviction relief ("PCR") on February 15, 2002, and he attempted to file his first § 2254 habeas petition on December 22, 2006.  (Objections, generally.)  Grate claims that his PCR application was lost because the "court was experiencing severe difficulties with overflowing of legal documents and other legal papers due to the lack of space."  (Id. 3.)  In addition, Grate alleges that he delivered his habeas petition to prison authorities on December 22, 2006.  (Id.)  However, on February 15, 2002, Grate claims that he received the habeas petition back undelivered.  (Id. 4.)  "Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit."  Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (internal quotation marks omitted).  Grate's claims that he attempted to file a PCR action on February 15, 2002, and a habeas petition on December 22, 2006, are not substantiated by any other evidence in the record.  Grate has failed to show any extraordinary circumstances.  Therefore, equitable tolling does not apply to salvage Grate's petition.

Grate's conviction became final on March 17, 2002.  Grate filed a PCR application on June 22, 2002, and the South Carolina Supreme Court denied Grate's petition for a writ of

certiorari on May 3, 2007.  On March 9, 2007, Grate filed the instant habeas petition.[2]  Four hundred twelve days of non-tolled time elapsed before Grate filed the instant petition (102 days between completion of direct review and filing of PCR and 310 days between completion of PCR and filing of the instant petition).  Based on the foregoing, Grate's petition is time-barred.  Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation.

It is therefore

**ORDERED** that the Respondent's motion for summary judgment, document number 13, is granted.     It is further

**ORDERED** that Grate's motion for extension of time to respond to the Respondent's motion for summary judgment, document number 16, is denied as moot.

**IT IS SO ORDERED**.

                                                      s/Henry M. Herlong, Jr.
                                                      United States District Judge

Greenville, South Carolina
October 23, 2007

### NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2]There is no mailing stamp on Grate's petition.  The clerk's office received the petition on March 12, 2007.  Grate alleges that he submitted the petition to prison authorities on March 9, 2007.

3